Patricia Peden (Bar No. 230440)
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Timothy and Patricia Peden<br>        Plaintiffs,<br><br>v.<br><br>Mark Whitney d/b/a Whitney Homes<br>        Defendant. | Case No. 3:26-cv-00013<br><br>**INITIAL CASE MANAGEMENT STATEMENT**<br><br>**April 2, 2026  11:00 am** |

This joint Case Management Statement is jointly submitted by Plaintiffs Timothy Peden and Patricia Peden (collectively, "Plaintiffs" or "the Pedens") and Defendant Mark Whitney, doing business as Whitney Homes ("Whitney" or "Defendant").

The parties held their Fed. R. Civ. P. 26(f) conference on March 12, 2026, during which they discussed all required topics in Rule 26, and this Court's Standing Order.

**1.    Jurisdiction and Service:**

This Court has federal question jurisdiction under 28 U.S.C. § 1331 because the complaint asserts claims under RICO, 18 U.S.C. §§ 1961-1964. Supplemental jurisdiction exists over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same operative facts–Whitney's misappropriation of funds through the use of wire and mail communications, forming the same case or controversy as the federal RICO claim.

There are no disputes regarding personal jurisdiction or venue.

**Defendants Statement of Facts**

**This is a construction breach of contract issue by Peden and Plaintiffs have failed to properly allege a claim arising under RICO, 18 U.S.C.** §§ 1961-1964. The proper venue should be Sonoma County Superior Court. All parties involved with this construction project live and work in this county. Whitney does not engage in wire or mail misappropriation of funds. Whitney use of a third party vendor for the voluntary collection of construction funds for projects does not lead to Peden' false and misleading claims.

**2.    Statement of Facts:**

A.    Plaintiffs Statement of Facts:

Timothy and Patricia Peden hired Mark Whitney d/b/a Whitney Homes to construct a retaining wall at their residence in Sonoma County.  Whitney did not secure a written Home Improvement Contract to build the wall, as required by Cal. Bus. and Prof. Code §7159.  There is no written agreement allowing Whitney to earn "progress payments" during construction.  *Id.*  Even if it were otherwise, no part of the retaining wall had been built; with no "progress" no such payments were earned.  Whitney acted to circumvent California's comprehensive contractor statutes by using non-descript incremental change orders and "draws" that are "not enforceable" under clear California law.  *Id.*  The Pedens agreed to pay invoices based on Whitney's misrepresentations–in both written invoices and in oral conversations–that

Initial Case Management Statement - 1

the advanced funds would be used to pay subcontractors and vendors whose work or materials were necessary to advance the project. Whitney failed to pay the subcontractors in the seven days required under California's prompt payment statute.  *See* Cal. Bus. & Prof. Code § 7108.5.  In fact, he didn't pay them at all.

In late 2025, the Pedens discovered Whitney's theft, which included diverting at least $93,840 in advanced construction funds for his personal use. Whitney systematically concealed his non-payments, never telling the Pedens that invoices they were paying were diverted to his own use. Whitney also inflated vendor proposals and bids, criminal diversion includes simply pocketing money received requesting prepayments from the Pedens that exceeded the actual cost of the work to be performed.  Finally, to extort additional prepayments, Whitney falsely claimed subcontractors were demanding immediate payment for future work and, at the same time, he was concealing those demands were the result of Whitney taking the money the subcontractors were to be paid.  Upon discovering Whitney's theft, the Pedens terminated him, revoked change orders for unperformed work, and demanded an accounting and return of funds. Whitney refused to pay the subcontractors or account for the missing funds. Whitney's Answer admits that he kept the money, asserting an entitlement that is not only absent from any written contract but is also expressly forbidden by California law. *See e.g., People v. Schultz*, 2010 WL 2983001, at *2 (July 20, 2010). (criminal diversion includes pocketing money received under a construction agreement).

Whitney's conduct in this case is not an isolated event.  Whitney operates Whitney Homes as an ongoing business enterprise through which he systematically diverts money from homeowners under the guise of legitimate contracting work.  In the Pedens' case he used interstate wires and mail to transmit false invoices and change orders, fabricate vendor demands, and to steal money, thereby committing repeated acts of mail and wire fraud. Whitney has been repeatedly reported to the California Contractors State License Board, which has found him in violation of contractor regulations multiple times, and he has been sued by other homeowners for wrongful conduct. These professional reprimands and lawsuits reflect a broader, systematic scheme to coerce advance payments and commit theft, all of which evidence a pattern of racketeering activity carried out through a continuing business enterprise.

The principal factual disputes are: (1) whether Whitney's statements regarding fund use, vendor payments, and billing were false; (2) whether Whitney's conduct constitutes theft, fraudulent

Initial Case Management Statement - 2

misrepresentation, concealment, and other statutory violations; (3) whether Whitney's repeated violations constitutes a pattern of racketeering activity (18 U.S.C. § 1962(c)); and (4) the extent of Plaintiffs' damages, including recovery of stolen funds; damages related to increased project costs; consequential damages and costs, and entitlement to restitution, statutory penalties, treble, punitive damages, costs of suit and attorneys fees.

### B.    Defendant's Statement of Facts

Whitney did in fact send out a written construction agreement but Peden refused to approve. Whitney secured Pedens signatures on 18 different work orders for pre-construction and the construction work. Whitney completed 16 of 18 work orders. Whitney was certainly entitled to progress payments. Peden continues to mislead this court as the retaining wall work was well underway having excavated half of the hillside to prepare for foundation/pier work. Whitney can provide progress pictures of work performed. Although Peden committed to additional funds of 140,000 due to Whitney upon further progress, Whitney owes nothing to RGH, Hogan or Codorza that were under Whitney's control. This was an ongoing design build project. Progress payments received were for the overall project cost not one specific invoice as Peden has stated. All money received to date has been earned for the sale, construction management, supervision, overhead and profit that Whitney is entitled to. Whitney is not engaged in any form of racketeering activity. All work orders and invoices are 100% legitimate and were approved by Peden. Whitney is in good standing with CSLB. Peden's claims are false and misleading and Peden's own breach of agreements has led to this filing. Peden should not recover any damages from their own decision to terminate our agreements.

### 3.    Legal Issues:

The disputed legal issues include:

1)    Liability for diversion of construction funds under Cal. Penal Code § 484b, including whether Whitney willfully failed to apply funds to represented purposes, and whether he illegally diverted construction funds for his personal use absent a contract that permitted him to take "progress payments."

2)    Liability of violation of home improvement contract and payment statutes (Bus. & Prof. Code §§ 7159, 7159.5, 7159.6, 7108), including whether the lack of a written contract and noncompliant payment demands render payments unlawful and support claims for statutory violations and restitution.

Initial Case Management Statement - 3

3)    Liability for fraud, statutory fraud and consumer-protection claims (Bus. & Prof. Code § 7160; Civ. Code §§ 1750–1780; Bus. & Prof. Code § 17200), including whether the alleged misrepresentations constitute statutory violations and what remedies are available.

4)    Civil RICO liability and causation, including whether the scheme constitutes an enterprise and a pattern of racketeering, and whether Plaintiffs' losses are proximately caused and recoverable as treble damages and attorneys' fees under 18 U.S.C. §§ 1962(c) and 1964(c).

5)    Available damages and remedies, including whether Plaintiffs may recover compensatory damages, statutory penalties and attorneys' fees under various statutes, and punitive damages.

**Defendant's Statement of Facts**

**At no time did Whitney willfully divert funds under Penal Code** § 484b. All funds were used for the legitimate project expenses that included but not limited to the sale, project management, supervision, overhead and profit. Whitney had remaining written signed commitments from Peden that exceeded over 140K for the last two (2) work orders prior to being removed from the project. This is a breach of contract issue on the part of Peden not Whitney. Whitney was always willing, ready and able to continue to completion. A home improvement contract was presented to Peden for approval but Peden refused to sign it. Whitney did not violate the Bus. & Prof. Code §§ 7159, 7159.5, 7159.6, 7108 for Peden's own failure to execute the agreement.  Whitney at no time during the course of a three (3) year period misrepresent any of the 18 written approved agreements. Whitney did not violate Bus. & Prof. Code §7160; Civ. Code§§ 1750-1780; & Prof. Code § 17200 but only proceeding with work upon the written consent of Peden. Whitney does not engage in a "scheme" as suggested by Peden only to be most helpful in all business transactions. Peden should not recover damages from any inserted claims for their own breach of agreements.

**4.    Motions:**

There are no prior or pending motions.

If a stipulation is not reached, Plaintiffs expect to file a motion seeking leave to amend the complaint.  Plaintiffs will file a motion for summary adjudication directed to violations of California contract statutes, which can be decided as a matter of law.  At present, Defendant cannot identify which motions, if any, he may file.

**Defendant's Statement of Facts**

Initial Case Management Statement - 4

**No motions at this time.**

**5.      Amendment of Pleadings:**

Plaintiff plans to amend the complaint to add claims against Whitney that sound in negligence. This amendment will also introduce Whitney Homes Inc. and James Gaydos as additional defendants, along with a claim against Whitney's bonding company.

Defendant plans to amend his Answer to state RGH, Hogan & Cordoza under the control of Whitney have been paid in full even with Peden's written commitment exceeding 140K due to Whitney upon further progress.

The deadline proposed by the parties for amending pleadings as a matter of right is July 3, 2026.

**6.      Evidence Preservation:**

Plaintiffs sent Defendant a preservation notice on December 3, 2025.

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.      Disclosures:**

The Rule 26(f) conference was held on March 12, 2026.  The exchange of initial disclosures will occur on March 31, 2026.

**8.      Discovery**

A.      <u>Scope of Anticipated Discovery</u>

Plaintiffs' discovery will focus on: (1) Defendant Mark Whitney and Whitney Homes' diversion of construction funds, fraudulent invoicing, and misuse of owner funds, including internal communications and project files for the retaining wall project; (2) third-party subpoenas to unpaid subcontractors and vendors, such as RGH Consultants, Hogan Land Services, Cordoza Concrete, and Delta Rebar, for documents and testimony concerning invoices, payment, prepayment demands, and project delays; (3) Defendant's banking, accounting, and financial records to trace the disposition of the funds Plaintiffs paid for subcontractors and vendors; (4) Defendant's pattern of misconduct, including complaints, investigations, and disciplinary actions involving the California Contractors State License Board, and pleadings and discovery from other lawsuits; and (5) documents and testimony from replacement

Initial Case Management Statement - 5

contractors, consultants, and expert witnesses regarding increased completion costs, delay damages, and standard-of-care issues relevant to anticipated negligence-based claims.

**Defendant's discovery will focus on:**

1. Peden's banking showing entire funds available for the construction on specific dates required 2. Where funds came from. Were they earned or insurance related 3. All communications not limited to email, agreements, Buildertrend records. 4. Peden sueing of other parties. 5 All third party vendors involved with this construction project.

B.    <u>Discovery Taken To Date</u>

Plaintiffs have begun serving non-party document subpoenas.  Before the case management conference, Plaintiffs anticipate having served Defendant with initial document requests and interrogatories.

Defendant has not yet served discovery.

C.    <u>Proposed Modifications of the Discovery Rules</u>

To reduce cost, the parties propose two changes to the default discovery limits:

(1)    Each party will have 5 depositions on written questions, which will not count against the number of depositions permitted under default rules.

(2)    The parties agree to email service.

D.    <u>Stipulated E-discovery Order.</u>

The parties do not anticipate needing a stipulated e-discovery order.

E.    <u>Proposed discovery plan pursuant to Fed. R. Civ. P. 26(f)</u>

Discovery subjects are identified in section 8(A).

The parties do not propose any changes to the form or requirements for initial disclosures. Plaintiffs agree to Defendant's request for additional time for initial disclosure, which will be exchanged on March 31, 2026.

The parties do not propose phased discovery.

The parties do seek entry of a protective order at this time.  If the need arises later, the parties will meet and confer to file a proposed protective order based on the Court's model orders.

The proposed date for close of fact discovery is set forth in section 15 (scheduling).

Currently, there are no ESI issues.

Initial Case Management Statement - 6

The parties will comply with the Court's Standing Order 2.2 regarding privilege logs.

In accord with the Court's Standing Order paragraph 4, the parties agree to assign exhibit numbers. Plaintiffs will use exhibit numbers 1 through 3000.  The Defendant will use exhibit numbers 3000-6000.

F.      Discovery Disputes

At present, the parties do not have any discovery disputes.

**9.      Class Actions:**

This is not a class action.

**10.     Related Cases:**

There are no related cases or proceedings.

**11.     Relief:**

Plaintiffs seek damages of at least $93,840 for diverted construction funds (consisting of $65,000 in unapplied draw payments and $28,840 in owner funds diverted from subcontractors), plus increased costs for replacement contractors, costs to correct and complete the project, delay and carrying costs, and expenses from mechanics-lien exposure, which will be established through documentation and expert testimony.  Plaintiffs estimate project-related damages to be $266,000. Plaintiffs also seek statutory and treble damages under RICO (18 U.S.C. § 1964(c)) and applicable California statutes governing construction fund diversion, home-improvement fraud, and consumer protection. Punitive and exemplary damages are sought based on the Defendant's intentional, willful, and malicious misconduct. Further relief includes recovery of reasonable attorneys' fees and costs as mandated or permitted by statute.  Attorneys' fees and litigation costs will be determined based on billing records, expert witness fee invoices, and invoices detailing the costs of suit.

Defendant's Statement of Facts

Plaintiff's should recover nothing for their own breach of agreements. Whitney at all times was willing, able and ready to complete the last two (2) approved work orders. Prior to termination of Whitney, Peden was advised due to the existing hillside condition cost to complete would increase. This was confirmed not only by contractors but the engineer and designer of record not just Whitney. Peden hired the same contractor Whitney had on site to continue with the work for one reason only, to not continue paying for Whitney services.

**12.     Settlement and ADR:**

Initial Case Management Statement - 7

Previously, Plaintiffs sent Whitney a settlement demand, which was not accepted and has now expired. No other settlement efforts have occurred.

The Parties confirm compliance with ADR L.R. 3-5 and agree to participate in mediation with a member of the Court's panel of mediators. To facilitate mediation, initial discovery and the exchange of core documents, including those obtained via third-party subpoena, will be necessary.

Plaintiffs believe mediation should occur after the complaint is amended (to ensure the presence of additional parties) and following some time initial discovery. Plaintiffs propose an August mediation date. The Defendant prefers to schedule mediation as soon as possible.

**13.     Other References:**

This case is not suitable for reference to an alternative venue.

**Defendants Statement of Facts**

**Whitney seeks mediation as a first course of action.**

**14.     Narrowing of Issues:**

No party seeks bifurcation.

Plaintiffs propose resolving the critical legal question of whether Whitney violated California law by diverting payments he received from the Pedens through an early summary adjudication motion. This issue can be resolved solely by applying the law to the undisputed facts of the payments. An early ruling on Whitney's conduct will simplify the RICO claim, allowing Plaintiffs to focus later discovery on

Whitney's pattern of the same illegal activities, over a period of years, with other clients.

**Defenant's Statement of Fact**

**Whitney does not engage in illegal activity as Peden has suggested many times over. All accusations are disputed by Whitney not just the progress payments that Whitney was certainly entitled to.**

**15:    Schedule**

| Event / Deadline | Plaintiffs' Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Initial disclosures (Rule 26(a)(1)) | March 26, 2026 | April 15, 2026 |
| Deadline to amend pleadings / add parties | July 3, 2026 | July 3, 2026 |
| Completion of court-ordered ADR session | August 7, 2026 | September 7, 2026 |
| Close of fact discovery | December 4, 2026 | |
| Initial expert disclosures (Rule 26(a)(2) opening reports) | February 1, 2027 | |
| Rebuttal expert disclosures | March 15, 2027 | |
| Close of expert discovery | April 30, 2027 | |
| Last day to file dispositive motions | May 27, 2027 | |
| Rule 26(a)(3) pretrial disclosures (witnesses, exhibits, deposition designations) | September 16, 2027 | |
| Objections to Rule 26(a)(3) pretrial disclosures | September 30, 2027 | |
| Motions in limine; exchange of final exhibit and witness lists | October 7, 2027 | |
| Joint pretrial filings (pretrial statement, voir dire, jury instructions, etc.) | October 14, 2027 | |
| Final Pretrial Conference | November 4, 2027 | |
| Jury trial start (Monday) | November 29, 2027 | |

**16.    Trial:**

Plaintiffs have demanded a jury trial.  The parties anticipate trial to take three to five days.

**17.    Disclosure of Non-party Interested Entities or Persons:**

Plaintiffs filed the required Rule 3-15 disclosure, the contents of which are:  "Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

[Defendant to insert his statement]

**18.    Professional Conduct:**

Ms. Peden is the only attorney of record.  She has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other Matters:**

None.

Date:  March 18, 2026                                    Respectfully submitted,

                                                        /s/ *Patricia L. Peden*
                                                        Patricia L. Peden
                                                        2261 Market Street, No. 606
                                                        San Francisco, California, 94114

                                                        *Attorney for Plaintiffs*

                                                        /s/  *Mark Whitney*
                                                        Defendant

Initial Case Management Statement - 1(