Patricia Peden (Bar No. 230440)
2261 Market Street, No. 606
San Francisco, California, 94114
(415) 895-2940
(415) 895-2964 facsimile

*Attorney for Plaintiffs*

Mark Rice (Bar No. 124934)
McNeil, Silveira, Rice & Wiley
55 Professional Center Pkwy, Ste A,
San Rafael, CA 94903-2770
415-472-3434
415-472-1298 facsimile

*Attorney for Defendant*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Timothy and Patricia Peden<br>        Plaintiffs,<br><br>v.<br><br>Mark Whitney d/b/a Whitney Homes<br>        Defendant. | )  Case No. 3:26-cv-00013<br>)<br>)<br>)  **INITIAL JOINT CASE MANAGEMENT**<br>)  **CONFERENCE STATEMENT**<br>)<br>)  **May 7, 2026  11:00 am**<br>)<br>) |

This joint Case Management Statement is jointly submitted by Plaintiffs Timothy Peden and Patricia Peden (collectively, "Plaintiffs" or "the Pedens") and Defendant Mark Whitney, doing business as Whitney Homes ("Whitney" or "Defendant").

The parties held their Fed. R. Civ. P. 26(f) conference on March 12, 2026, during which they discussed all required topics in Rule 26, and this Court's Standing Order.

The initial case management conference was originally set for April 2, 2026. Whitney contacted the Court to advise that he was in the process of retaining counsel, and to request a continuance.

Defendant Whitney has retained attorney Mark J. Rice, Esq. who will be shortly filing his appearance by substitution of attorney and will be appearing at the Status Conference.

**1.      Jurisdiction and Service:**

This Court has federal question jurisdiction under 28 U.S.C. § 1331 because the complaint asserts claims under RICO, 18 U.S.C. §§ 1961-1964. Supplemental jurisdiction exists over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same operative facts, forming the same case or controversy as the federal RICO claim.

There are no disputes regarding personal jurisdiction or venue.

Whitney disputes the validity of the RICO claim and is likely to seek remand to Sonoma County Superior Court if and after a dispositive motion to dismiss the RICO claim, which is the basis of Plaintiffs' claim of Federal Jurisdiction.

Whitney asserts a (disputes) claim for unpaid compensation of $140,000 or more and will seek stipulation to file his counterclaim for same.

**2.      Statement of Facts:**

Plaintiffs Statement of Facts:

Timothy and Patricia Peden hired Whitney Homes to construct a retaining wall in Sonoma County. The Pedens never signed a written agreement authorizing Whitney to receive "progress payments." *See* Cal. Bus. and Prof. Code §7159. Whitney used two types of change orders to obtain advances. One type specified third-party costs, while the other involved unspecified "draw" language meant for undisclosed subcontractors (including an excavator, a "lead carpenter," and a rebar cage maker). For both, Whitney did not use the money for the purposes he represented to the Pedens. Whitney failed to pay the subcontractors

Initial Case Management Statement - 1

in the seven days required under California's prompt payment statute. *See* Cal. Bus. & Prof. Code § 7108.5. In fact, he didn't pay them at all. Instead, he diverted the funds for personal use.

In late 2025, Whitney fabricated a story to the Pedens, claiming subcontractors were now demanding pre-payment for further work. Perplexed by this abrupt change in billing, Ms. Peden contacted the subcontractors to discuss their demands. She discovered that the subcontractors were requiring advanced payments because they had not been paid for past work. Whitney's Answer to the Complaint admits that he kept the subcontractors' money, asserting an entitlement that is not only absent from any enforceable contract but is also expressly forbidden by California law. *See e.g., People v. Schultz*, 2010 WL 2983001, at *2 (July 20, 2010) (criminal diversion includes pocketing money received under a construction agreement).

Upon discovering Whitney's theft, the Pedens terminated him, revoked all change orders for unperformed work, and demanded an accounting and return of funds. Whitney persistently refused to pay the subcontractors or return unearned money, despite numerous efforts to resolve the matter before filing suit. Whitney's theft included diverting at least $93,840 in advanced construction funds for his personal use. Although Whitney has paid some subcontractor debts since the litigation began, others remain outstanding, and he continues to refuse to reimburse the Pedens for the funds he misappropriated.

Whitney's conduct in this case is not an isolated event. Whitney operates Whitney Homes as an ongoing business enterprise through which he, and those working with him, systematically divert money from homeowners under the guise of legitimate contracting work. Documents produced by third parties show that Whitney routinely violates California's comprehensive statutory scheme requiring prompt payment to subcontractors. Whitney has been repeatedly reported to the California Contractors State License Board, which has found him in violation of contractor regulations, and he has been sued by other homeowners for wrongful conduct. These professional reprimands and lawsuits reflect a broader, systematic scheme to coerce advance payments and commit theft, all of which evidence a pattern of racketeering activity carried out through a continuing business enterprise.

In the instant case, the Pedens seek recovery of all misappropriated construction funds, triple damages as mandated by California Penal Code Section 496(c), consequential damages arising from project delays and increased completion costs, and the full range of statutory, punitive, and fee-shifting

Initial Case Management Statement - 2

remedies available under the federal RICO statute and California law, as well as recovery of mandatory attorneys fees.

Defendant's Statement of Facts

Whitney disputes Plaintiff's legal and factual claims; claims to be wrongfully terminated and that the owners took over his productive forces, subcontractors and consultants without his consent; and is owed $140,000 or more, which he plans to assert by way of counterclaim.

3.     **Legal Issues:**

The disputed legal issues include:

1)     Liability for diversion of construction funds under Cal. Penal Code § 484b, including whether Whitney willfully failed to apply funds to represented purposes, and whether he illegally diverted construction funds for his personal use absent a contract that permitted him to take "progress payments."

2)     Liability of violation of home improvement contract and payment statutes (Bus. & Prof. Code §§ 7159, 7159.5, 7159.6, 7108), including whether the lack of a written contract and noncompliant payment demands render payments unlawful and support claims for statutory violations and restitution.

3)     Liability for fraud, statutory fraud and consumer-protection claims (Bus. & Prof. Code § 7160; Civ. Code §§ 1750-1780; Bus. & Prof. Code § 17200), including whether the alleged misrepresentations constitute statutory violations and what remedies are available.

4)     Civil RICO liability and causation, including whether the scheme constitutes an enterprise and a pattern of racketeering, and whether Plaintiffs' losses are proximately caused and recoverable as treble damages and attorneys' fees under 18 U.S.C. §§ 1962(c) and 1964(c).

5)     The amount of Plaintiffs' damages, including punitive damages and attorneys fees.

6)     Whitney's anticipated competing claims for wrongful termination, interference with business relations, and counter-claim for unpaid due sums for work performed, and ancillary remedies. Whitney denies Plaintiffs' claims and asserts that this is a garden-variety construction dispute over Plaintiffs' second or vacation home, lacks any RICO predicates, and should be remanded to Sonoma County Superior Court where the project is located.

4.     **Motions:**

There are no prior or pending motions.

Initial Case Management Statement - 3

Plaintiffs will file a motion for summary adjudication directed to violations of California contractor and theft statutes, which they contend can be decided as a matter of law.

Defendant anticipates filing summary adjudication to dismiss the RICO claim, and other non-contractual claims.

**5.     Amendment of Pleadings:**

Plaintiff plans to amend the complaint to add claims against Whitney that sound in negligence. This amendment will also introduce Whitney Homes Inc. and James Gaydos as additional defendants, along with a claim against Whitney's bonding company.

Defendant plans to amend his Answer to state that one of the subcontractors at issue in the Complaint, Cordoza Concrete, has now been paid in full.

Defendant Whitney plans to file a counterclaim for breach of contract and common counts.

The deadline proposed by the parties for amending pleadings as a matter of right is July 3, 2026.

**6.     Evidence Preservation:**

Plaintiffs sent Defendant a preservation notice on December 3, 2025.

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures:**

Initial disclosures have been exchanged between the parties, though Plaintiffs contend that Whitney's disclosures are deficient. Following a meet and confer initiated by Plaintiffs, Whitney agreed to provide supplemental disclosures but has not as new counsel is coming in to assess supplementation. Plaintiffs intend to move to compel Rule-compliant disclosures should this matter not be resolved promptly. New counsel for Defendant Whitney plans to meet and confer with Plaintiffs over their disclosure deficiency claims.

**8.     Discovery**

A.     <u>Scope of Anticipated Discovery</u>

Plaintiffs' discovery will focus on: (1) Defendant Mark Whitney and Whitney Homes' diversion of construction funds, fraudulent invoicing, and misuse of owner funds, including internal communications

Initial Case Management Statement - 4

and project files for the retaining wall project; (2) third-party subpoenas to unpaid subcontractors and vendors for documents and testimony concerning invoices, payment, prepayment demands, project delays and misuse of client funds; (3) Defendant's banking, accounting, and financial records to trace the disposition of the funds Plaintiffs paid for subcontractors and vendors; (4) Defendant's pattern of misconduct, including complaints, investigations, and disciplinary actions involving the California Contractors State License Board, and pleadings and discovery from other lawsuits; and (5) documents and testimony from replacement contractors, consultants, and expert witnesses regarding increased completion costs, delay damages, and other compensation owed to Plaintiffs.

Defendant's discovery will focus on:  traditional construction case discovery of documents, interrogatories, requests for admission, and depositions of Plaintiffs and others.

B.    Discovery Taken To Date

Plaintiffs have served the following discovery:

8 third party subpoenas.

First Set of Interrogatories, due April 16, 2026.  The defendant failed to respond.

First Set of Requests for Production.  Response due April 23, 2026.

Second Set of Requests for Production.  Response due May 6, 2026.

Defendant has not yet served discovery but will be doing so shortly

C.    Proposed Modifications of the Discovery Rules

To reduce cost, the parties propose two changes to the default discovery limits:

(1)    Each party will have 5 depositions on written questions, which will not count against the number of depositions permitted under default rules.

(2)    The parties agree to email service.

D.    Stipulated E-discovery Order.

The parties do not anticipate needing a stipulated e-discovery order.

E.    Proposed discovery plan pursuant to Fed. R. Civ. P. 26(f)

Discovery subjects are identified in section 8(A).

The parties do not propose any changes to the form or requirements for initial disclosures.

The parties do not propose phased discovery.

Initial Case Management Statement - 5

Plaintiffs will seek the entry of a protective order based on the Court's model order.

The proposed date for close of fact discovery is set forth in section 15 (scheduling).

Currently, there are no ESI issues.

The parties will comply with the Court's Standing Order at paragraph 2.2 regarding privilege logs.

In accord with the Court's Standing Order paragraph 4, the parties agree to assign deposition exhibit numbers.  Plaintiffs will use exhibit numbers 1 through 3000.  The Defendant will use exhibit numbers 3000-6000.

F.      Discovery Disputes

The parties completed meet and confer about the completeness of Defendants' initial disclosures. If a resolution is not reached soon, Plaintiffs will move to compel.  The parties are currently meeting and conferring about Defendant's failure to provide interrogatory responses. Defendant believes that these disputes will be  resolved by prompt meet and confer.

**9.    Class Actions:**

This is not a class action.

**10.   Related Cases:**

There are no related cases or proceedings.

**11.   Relief:**

Plaintiffs' Statement:

Plaintiffs seek damages of at least $93,840 for diverted construction funds (consisting of $65,000 in unapplied draw payments and $28,840 in owner funds diverted from subcontractors).  Plaintiffs are entitled to recover triple this amount pursuant to California Penal Code Section 496(c).  Plaintiffs also seek damages as a result of increased costs for replacement contractors, costs to correct and complete the project, delay and carrying costs, and expenses from mechanics-lien exposure, which will be established through documentation and expert testimony.  Plaintiffs estimate project-related damages to be $266,000. Plaintiffs also seek statutory and treble damages under RICO (18 U.S.C. § 1964(c)) and applicable California statutes governing construction fund diversion, home-improvement fraud, and consumer protection. Punitive and exemplary damages are sought based on the Defendant's intentional, willful, and malicious misconduct. Further relief includes recovery of reasonable attorneys' fees and costs as permitted by statute.  Presently, there are no claims pleaded against Plaintiffs.

Initial Case Management Statement - 6

Defendant's Statement:

Defendant Whitney seeks $140,000 in principal damages, and that Plaintiffs take nothing by way of their complaint.

**12.    Settlement and ADR:**

Previously, Plaintiffs sent Whitney a settlement demand, which was not accepted and has now expired.  No other settlement efforts have occurred.

The Parties confirm compliance with ADR L.R. 3-5.

Plaintiffs' Statement:

Early Neutral Evaluation is the Plaintiffs' preferred ADR method.

Defendant's Statement:

The Defendant will propose mediation on a schedule after sufficient fact discovery to be determined.

**13.    Other References:**

This case is not suitable for reference to an alternative venue.

**14.    Narrowing of Issues:**

No party seeks bifurcation.

Plaintiffs propose resolving the critical legal question of whether Whitney violated California law by diverting payments he received from the Pedens through an early summary adjudication motion. This issue can be resolved solely by applying the law to the undisputed facts of the payments.  An early ruling on Whitney's conduct will simplify the RICO claim, allowing Plaintiffs to focus later discovery on Whitney's pattern of the same illegal activities, over a period of years, with other clients.

Defendant disagrees with Plaintiffs' above stated position.

**15.    Schedule**

| Event / Deadline | Plaintiffs' Proposal | Defendant's Proposal |
| --- | --- | --- |
| Initial disclosures (Rule 26(a)(1)) | Completed | |
| Deadline to amend pleadings / add parties | Agreed:  July 3, 2026 | Agreed:  July 3, 2026 |
| Completion of court-ordered ADR session | August 7, 2026 | October 31, 2026 |

Initial Case Management Statement - 7

| Close of fact discovery | December 4, 2026 | January 8, 2026 |
|---|---|---|
| Initial expert disclosures (Rule 26(a)(2) opening reports) | February 1, 2027 | |
| Rebuttal expert disclosures | March 15, 2027 | |
| Close of expert discovery | April 30, 2027 | |
| Last day to file dispositive motions and *Daubert* motions | May 27, 2027 | |
| Rule 26(a)(3) pretrial disclosures (witnesses, exhibits, deposition designations) | September 16, 2027 | |
| Objections to Rule 26(a)(3) pretrial disclosures | September 30, 2027 | |
| Motions in limine; exchange of final exhibit and witness lists | October 7, 2027 | |
| Joint pretrial filings (pretrial statement, voir dire, jury instructions, etc.) | October 14, 2027 | |
| Final Pretrial Conference | November 4, 2027 | |
| Jury trial | November 29, 2027 | |

**16.   Trial:**

Plaintiffs have demanded a jury trial.  The parties anticipate trial to take five to six days.

**17.   Disclosure of Non-party Interested Entities or Persons:**

Plaintiffs filed the required Rule 3-15 disclosure, the contents of which are:  "Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

[Defendant to insert his statement]

**18.   Professional Conduct:**

Ms. Peden has reviewed the Guidelines for Professional Conduct for the Northern District of California.

///

Initial Case Management Statement - 8

**19.    Other Matters:**

None.


Date:  April 23, 2026                                     Respectfully submitted,

/s/ *Patricia L. Peden*
Patricia L. Peden
2261 Market Street, No. 606
San Francisco, California, 94114

*Attorney for Plaintiffs*


/s/       Mark J. Rice

Initial Case Management Statement - 9