UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| TIMOTHY R PEDEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARK WHITNEY, <br><br> Defendant. | Case No. 26-cv-00013-LB <br><br> **DISCOVERY ORDER** <br><br> Re: ECF No. 44 |

**INTRODUCTION**

A joint discovery letter brief is before the court. The issue is whether the defendant must provide a full and complete response to the plaintiffs' Interrogatory No. 1, which asks for a list of the defendant's customers from the last ten years. The plaintiffs contend that the defendant has failed to properly respond to the interrogatory because he has omitted current customers from his most recent response. They now move to compel the defendant to provide the requested discovery, which they argue is relevant to their civil RICO claim under 18 U.S.C. § 1962(c). The defendant opposes the motion and objects to the interrogatory on multiple grounds.[1]

---

[1] Disc. Letter Br. – ECF No. 44 at 1, 3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 26-cv-00013-LB

The plaintiffs' motion to compel is granted. The defendant has waived his objections to the interrogatory by failing to timely respond to the request, and he has not shown that the privacy interests of his past and current customers outweigh the plaintiffs' need for the requested discovery. The defendant must supplement his response to Interrogatory No. 1 to provide a full and complete list of his past and present customers from the last ten years, subject to the Protective Order and additional protections ordered below.

**STATEMENT**

The following statement is drawn from the operative complaint, the joint letter brief, and the discovery requests and responses attached thereto. It recounts only what bears on the present motion to compel.

The plaintiffs, Timothy and Patricia Peden, hired the defendant, Mark Whitney, to build a retaining wall on their residential property. The defendant is a general contractor who does business as Whitney Homes.[2] The plaintiffs allege that the defendant made fraudulent misrepresentations about third-party payments and misappropriated construction funds provided by the plaintiffs.[3] The operative complaint asserts multiple causes of action against the defendant for theft, fraudulent misrepresentation and concealment, unjust enrichment, unfair business practices, and violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c).[4]

Of relevance to the current discovery dispute is the plaintiffs' civil RICO claim. The plaintiffs allege a pattern of misconduct based on the defendant's fraudulent misrepresentations about project funds: as alleged, the defendant bills customers for subcontractor and vendor costs, collects payment, and keeps the money for himself rather than paying the subcontractors.[5] The plaintiffs

---

[2] Compl. – ECF No. 1 at 3 (¶¶ 8–9, 11).

[3] *Id.* at 5–13 (¶¶ 23–50).

[4] *Id.* at 13–23 (¶¶ 51–120).

[5] *Id.* at 20–22 (¶¶ 101–107).

ORDER – No. 26-cv-00013-LB                    2

United States District Court
Northern District of California

assert that they need discovery into the defendant's past and present customers to test their theory that the defendant engaged in a similar pattern of conduct on other jobs.[6]

On March 17, 2026, the plaintiffs served Interrogatory No. 1, seeking identification of "all persons for whom you have done work in the last 10 years."[7] The defendant's response was due April 16, 2026, but he did not respond until May 4.[8] The defendant served his first supplemental response on May 19, 2026. His response included objections on grounds of relevance and prejudice and listed 23 past customers.[9] The plaintiffs identified multiple customers that were missing from his response, including customers who had previously arbitrated disputes with the defendant or filed complaints against him with the Contractors State License Board.[10]

After the plaintiffs brought the omissions to the defendant's attention and threatened a motion for sanctions, the defendant served his second supplemental response on May 28, 2026.[11] His second supplemental response lists an additional 11 customers from "closed projects and prior jobs only."[12] The response does not identify any current jobs or customers, and it asserts additional objections based on the "financial and personal privacy" of the defendant and his customers.[13] The defendant also attached a separate list of projects to his response, with "current open projects redacted for privacy."[14]

---

[6] Disc. Letter Br. – ECF No. 44 at 1.

[7] *Id.*; *see also* Def.'s Suppl. Resp., Ex. A to *id.* – ECF No. 44-1 at 3 (cleaned up).

[8] Disc. Letter Br. – ECF No. 44 at 1. The court cannot verify the May 4, 2026, date because the parties have not provided a copy of the defendant's initial responses to the plaintiffs' First Set of Interrogatories. The parties have submitted copies of the defendant's supplemental responses (Ex. A to *id.* – ECF No. 44-1) and second supplemental responses (Ex. B to *id.* – ECF No. 44-2). The defendant does not contest the plaintiffs' assertion that he served his initial responses on May 4, 2026.

[9] *See* Def.'s Suppl. Resp., Ex. A to Disc. Letter Br. – ECF No. 44-1 at 3, 38.

[10] Disc. Letter Br. – ECF No. 44 at 1.

[11] *Id.*; Def.'s Second Suppl. Resp., Ex. B to *id.* – ECF No. 44-2 at 40.

[12] Def.'s Second Suppl. Resp., Ex. B to Disc. Letter Br. – ECF No. 44-2 at 3–6.

[13] *Id.* at 3.

[14] *Id.* at 42.

The plaintiffs now move to compel the defendant to provide a "full and accurate response" to Interrogatory No. 1 that is inclusive of current customer data.[15] The plaintiffs contend that the defendant's second supplemental response is incomplete because he continues to withhold the identities of his current customers.[16] The plaintiffs argue that they need a complete customer list to obtain project-specific documentation and issue third-party subpoenas to the defendant's customers.[17]

The defendant opposes the motion. The defendant contends that he has properly objected to Interrogatory No. 1 on grounds of relevance, prejudice, trade-secret protection, and privacy interests of himself and his customers.[18] He further asserts that (1) the plaintiffs' request for past customers is mooted by his supplemental responses, (2) his customers' privacy interests disfavor permitting the requested discovery, and (3) the "underlying weakness" of the plaintiffs' RICO claim weighs against the requested discovery.[19]

**LEGAL STANDARD**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "[t]he test

[15] Disc. Letter Br. – ECF No. 44 at 3.

[16] *Id.* at 1.

[17] *Id.* at 2.

[18] *Id.* at 3.

[19] *Id.* at 3–5.

United States District Court
Northern District of California

for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery bears the burden of showing that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). The court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

Responses to interrogatories are due within thirty days of service unless the parties stipulate otherwise. A party's failure to timely respond to an interrogatory means that they waive their right to object, unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("[A] failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection.").

**ANALYSIS**

**1.  The Defendant Has Waived His Objections**

Waiver disposes of most of this dispute. The plaintiffs served Interrogatory No. 1 on March 17, 2026, making the defendant's response due by April 16, 2026.[20] The plaintiffs contend, and

---

[20] *Id.* at 1.

United States District Court
Northern District of California

the defendant does not dispute, that the defendant did not respond until May 4, 2026.[21] The parties did not stipulate to an extension, the defendant did not seek one, and the defendant did not otherwise timely assert any objections to the interrogatory.[22] The defendant does not contend that good cause exists for his belated submission, nor does the letter brief provide any explanation for why his response to Interrogatory No. 1 was delayed.

In absence of showing good cause for his belated response, the defendant has waived his objections to Interrogatory No. 1. The objections raised in his second supplemental response — based on relevance, prejudice, trade-secrets protection, and his personal privacy interests — are waived and do not preclude the discovery the plaintiffs seek regarding the defendant's customers.[23]

### 2. Privacy Interests of Customers

Though the defendant's waiver of his objections largely resolves this dispute, a separate issue remains: the privacy interests of the defendant's customers. The defendant cannot waive the privacy interests of his customers, who are non-parties to this litigation. *See Douglas v. City of Los Angeles*, No. 2:20-CV-07439-MEMF-PDx, 2023 WL 6370886, at *3 (C.D. Cal. May 31, 2023).

"When the privacy interests of a third party are involved, courts balance the need for the information requested against the privacy rights of the third party." *Hodge v. Oakland Unified Sch. Dist.*, No. 3:09-CV-04719 RS (NC), 2011 WL 13556337, at *2 (N.D. Cal. Sep. 15, 2011). Courts in this district have found that protective orders are generally sufficient to protect third-party privacy interests in discovery. *Id.*; *J.T. v. City & County of San Francisco*, No. 23-CV-06524-LJC, 2024 WL 3834200, at *10 (N.D. Cal. Aug. 14, 2024).

---

[21] *See supra* Statement.

[22] Disc. Letter Br. – ECF No. 44 at 1.

[23] *Id.* at 4–5 (objecting on grounds of trade-secret protection); *see also* Def.'s Second Suppl. Resp., Ex. B to *id.* – ECF No. 44-2 at 3 (objecting to Interrogatory No. 1 on grounds of relevance, prejudice, and privacy interests).

United States District Court
Northern District of California

The plaintiffs contend that they need the requested discovery to test their theory that the defendant has engaged in a "pattern" of similar fraudulent activity on other jobs — specifically, that he billed other customers for subcontractor and vendor costs, collected payment, and kept the money for himself.[24] To establish the "pattern" element of their RICO claim, the plaintiffs must establish that the predicate acts are related and amount to or pose a threat of continued criminal activity. *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). The continuity requirement can be satisfied by showing "closed-ended" or "open-ended" continuity. *Id.* at 241. Closed-ended continuity requires "a series of related predicates extending over a substantial period of time." *Id.* at 242. Open-ended continuity involves "a specific threat of repetition extending indefinitely into the future" or predicate acts that "are part of an ongoing entity's regular way of doing business." *Id.*

The court weighs the relevance of the requested discovery against the implicated third-party privacy interests by considering the defendant's past and current customers separately.

### 2.1   Past Customers

Discovery into the defendant's past customers is relevant to the plaintiffs' RICO claim, and the defendant has failed to establish that their privacy interests cannot be sufficiently addressed through the Protective Order.

The defendant's past customers from the last ten years are relevant to the continuity requirement of the plaintiffs' RICO claim. If the defendant billed past customers for subcontractor and vendor costs, collected payment, and kept the money for himself, that conduct tends to show the "related predicates" needed for closed-ended continuity. *Id.* This is sufficient to establish the relevance of the requested discovery.

The defendant argues that the discovery sought through Interrogatory No. 1 is not relevant because the plaintiffs' RICO claim is "exceedingly thin" and "meritless."[25] But the facts of the current record are as follows. The plaintiffs have alleged a civil RICO claim under 18 U.S.C. §

---

[24] Disc. Letter Br. – ECF No. 44 at 1.

[25] *Id.* at 5.

1962(c).[26] The defendant did not move to dismiss the RICO claim — or any other claim — before filing an answer.[27] Thus, the complaint is the operative pleading against which relevance is measured. The plaintiffs are entitled to test their RICO theories through relevant and proportional discovery. Fed. R. Civ. P. 26(b)(1). A discovery letter brief is not the proper vehicle for contesting the viability of the plaintiffs' RICO claim.

The defendant has not shown that the privacy interests of his past customers outweigh the relevance of the plaintiffs' requested discovery. The defendant has voluntarily disclosed information about some of his former customers by identifying them in his interrogatory responses.[28] And, as the defendant has conceded, information about his past customers is in publicly available records like building permits.[29] The defendant has failed to show that his past customers have a privacy interest that warrants precluding the requested discovery, or a privacy interest that cannot be addressed through the operative Protective Order.[30]

Separately, the defendant argues that the plaintiffs' request for information about past customers is mooted by the information he provided in his second supplemental interrogatory response.[31] But this is a contested issue. The plaintiffs dispute whether the defendant's second supplemental response is complete, citing the defendant's previous omissions in his initial response.[32] The plaintiffs' concern is not unfounded given the defendant only supplemented his response after being prompted by the plaintiffs.[33]

The plaintiffs' motion to compel discovery is granted with respect to the defendant's past customers. The defendant must supplement his response to Interrogatory No. 1 to identify all of

---

[26] Compl. – ECF No. 1 at 20–22 (¶¶ 97–109).

[27] *See generally* Answer – ECF No. 12.

[28] Def.'s Suppl. Resp., Ex. A to Disc. Letter Br. – ECF No. 44-1 at 3–5; Def.'s Second Suppl. Resp., Ex. B to Disc. Letter Br. – ECF No. 44-1 at 4–6.

[29] Disc. Letter Br. – ECF No. 44 at 2.

[30] *See generally* Protective Order – ECF No. 37.

[31] Disc. Letter Br. – ECF No. 44 at 3.

[32] *Id.* at 2–3.

[33] *Id.* at 1.

his past customers from the last ten years. The defendant may designate this customer list as appropriate under the Protective Order. Further, when the defendant serves his supplemental response, he must submit a declaration attesting to the completeness of his response.

### 2.2   Current Customers

Discovery into the defendant's current customers is relevant, and the defendant has failed to establish privacy concerns that cannot be sufficiently addressed through the Protective Order and additional protections below.

Current customers are relevant to whether there is "open-ended continuity" supporting the plaintiffs' civil RICO claim. Ongoing projects in which the same alleged conduct — the defendant billing for, collecting, and keeping money intended for subcontractors — is occurring tends to show "a specific threat of repetition extending indefinitely into the future." *H.J.*, 492 U.S. at 242. The defendant's argument regarding the underlying weakness of the plaintiffs' RICO claim fails for the same reasons explained above.[34]

But the relevance of current customers to the plaintiffs' RICO claim is counterbalanced by realized privacy concerns. The defendant has shown that at least one current customer has been contacted by the plaintiffs following the inadvertent disclosure of the customer's name.[35] Thus, the defendant's stated concern about disruption to his current customers is legitimate.[36] However, these concerns can be adequately addressed by the Protective Order and the additional protections proposed by the plaintiffs, which are discussed below.[37]

The plaintiffs' motion to compel discovery is granted with respect to the defendant's current customers. The defendant must supplement his response to Interrogatory No. 1 to identify all of his current customers from the last ten years. The defendant may designate this customer list as appropriate under the Protective Order. Further, given the legitimate privacy interests shown, the court adopts the following protections: before contacting any current customer, the plaintiffs must

---

[34] *See supra* Section 2.1.

[35] Disc. Letter Br. – ECF No. 44 at 4–5.

[36] *Id.* at 5.

[37] *Id.* at 3.

United States District Court
Northern District of California

(1) provide the defendant's counsel with at least 48 hours' notice and (2) conduct any initial outreach via joint email, inviting current customers to reach out to Ms. Peden only in her capacity as lead counsel (rather than as co-plaintiff).

### 3. The Defendant's Remaining Requests Are Denied

Finally, the court addresses the defendant's two remaining requests: that the court (1) adopt his proposal for a new Section 6.4 in the Protective Order and (2) order formal briefing and a hearing on the issues raised in the joint letter brief.[38]

The defendant's request for new language in the Protective Order is denied without prejudice. Earlier in this case, the parties submitted briefing and proposals for the Protective Order, the court held a hearing, and the Protective Order was entered.[39] The court declined to adopt the defendant's proposed Section 6.4 then, and it declines to adopt the new language now. The proper vehicle for suggesting revisions to the Protective Order is a noticed motion to amend the order.

The defendant's request for further briefing and a hearing on the dispute is denied. The parties have followed the proper procedure for discovery disputes as provided in this court's standing order, and the issue has been sufficiently presented for decision.

**CONCLUSION**

This resolves ECF No. 44.

**IT IS SO ORDERED.**

Dated: July 10, 2026

_____

LAUREL BEELER
United States Magistrate Judge

---

[38] *See* Def.'s Proposed Protective Order – ECF No. 32-2 at 9.

[39] *See* Disc. Letter Br. – ECF No. 32; Min. Proceedings – ECF No. 33; Order – ECF No. 37.

ORDER – No. 26-cv-00013-LB                    10

United States District Court
Northern District of California