United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

TIMOTHY R PEDEN, et al.,

Plaintiffs,

v.

MARK WHITNEY, et al.,

Defendants.

Case No. 26-cv-00013-LB

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: ECF No. 56

## INTRODUCTION

Plaintiffs Patricia and Timothy Peden hired defendant Mark Whitney to build a retaining wall at their hillside home in Guerneville, California. On December 3, 2025, the Pedens terminated Whitney's services and then sued him for his allegedly wrongful conduct.[1] Whitney counterclaimed for (1) breach of the parties' written contract, (2) breach of the implied covenant of good faith and fair dealing, (3) a common count for the reasonable value of services and materials, and (4) declaratory relief that Whitney and his subcontractors are relieved of any warranty or liability.[2]

---

[1] Compl. – ECF No. 1; Am. Compl. – ECF No. 51 (adding Whitney Homes, Inc., and Platte River Insurance Company as defendants). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Countercls. – ECF No. 48 at 10–14 (¶¶ 71–88).

The Pedens moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims two through four, generally on the ground that they duplicate claim one for breach of contract.[3] The motion is granted in part and denied in part. Claim two for breach of the implied covenant is dismissed with leave to amend: it rests on the same allegedly bad acts and seeks the same $43,946.72 as the contract claim, and it thus is superfluous. Claim three, predicated on reasonable-value and unjust-enrichment theories, survives in part: the Pedens dispute in their complaint whether there is a valid written contract, and Whitney may plead a claim in quasi-contract as an alternative to the contract claim. Claim four for declaratory relief is dismissed: Whitney lacks standing for third-party contractors and his duties and liabilities will be determined by the adjudication of the negligence claims.

**STATEMENT**

The Pedens own a hillside home in Guerneville, Sonoma County. In 2023, they retained Whitney, a general contractor, to design a retaining wall and obtain a County building permit.[4]

In March 2024, after a building permit was issued, Whitney offered to build the retaining wall for $150,000, presenting the offer on a statutory home-improvement contract form.[5] The Pedens — through counsel — reviewed the offer and proposed changes to the form contract, including disclosures that they believed were required.[6] The Pedens did not accept the contract at that time (March 2024).[7] The Pedens looked for another contractor, did not find one, and returned to Whitney.[8] In February 2025, Whitney provided the Pedens with a simplified written proposal (the "Construction Agreement"), which provided that Whitney would, for a fixed cost of $175,200,

> [s]upply all labor, materials & equipment to build a retaining wall per approved plans, to include the following:

---

[3] Mot. – ECF No. 56.

[4] Countercls. – ECF No. 48 at 2–3 (¶¶ 1–7, 9, 14–16); Construction Agreement, Ex. 3 to *id*. at 26.

[5] Countercls. – ECF No. 48 at 4–5 (¶¶ 21–25); Home-Improvement Contract, Ex. 2 to *id*. at 20.

[6] Countercls. – ECF No. 48 at 5 (¶¶ 26–29) (Ms. Peden, an attorney, also reviewed the contract).

[7] *Id*. at 5 (¶ 30).

[8] *Id*. at 6 (¶¶ 32–33).

> Clear off, mark out, cut back hill side, clear out and excavate for new wall & post base footings, haul off included . . . Set up footings & wall approx. 68' long with various widths per details on S3 . . . All rebar installation will be inspected prior to concrete pour . . . All necessary clean up work . . . .

"All other work will be at an additional cost approved by owner & contractor prior to proceeding."[9] The Pedens signed the agreement on March 1, 2025.[10] Additional work allegedly proceeded by change orders, including Change Order #15 for $30,308 for additional work identified by a project engineer, who (after excavation) determined that the hillside was weaker than the soils report had suggested and recommended adding eighteen concrete piers.[11] The Pedens declined other change orders, such as a geotechnical change order in November 2025 for added work, electing to proceed with the work directly.[12]

On December 2, 2025, before the pier drilling began but after Whitney had built the rebar cages and laid half of the pier locations, the Pedens sent an email to Whitney to stop working on the project. The next day, they sent an email terminating the contract.[13] Before and after December 3, Whitney wrote to the Pedens, warning them that it was not prudent to stop work during wet weather, given the recommendation of adding the piers.[14] In February 2026, the Pedens allegedly "experienced adverse impacts at their property at the cut hillside" from heavy and regular rains during the rainy season.[15]

The Pedens' initial complaint (filed January 2, 2026) had claims for theft, fraud, unfair business practices, civil RICO, unjust enrichment, and declaratory relief.[16] Their amended complaint (filed July 26, 2026) adds negligence claims based on Whitney's excavation, his removal of lateral and subjacent support, and his failure to stabilize the site.[17] Whitney's

---

[9] Construction Agreement, Ex. 3 to *id.* at 26–27.

[10] *Id.*; Countercls. – ECF No. 48 at 6 (¶ 33).

[11] Countercls. – ECF No. 48 at 6–7 (¶¶ 40–43, 49).

[12] *Id.* at 7 (¶ 42), 8 (¶ 50).

[13] *Id.* at 7 (¶¶ 44, 47).

[14] *Id.* at 8 (¶ 52).

[15] *Id.* (¶ 56).

[16] Compl. – ECF No. 1.

[17] Am. Compl. – ECF No. 51 at 14–17 (¶¶ 51–65).

counterclaims (filed June 30, 2026) are (1) breach of the Construction Agreement, seeking damages of $43,946.72, (2) breach of the implied covenant of good faith and fair dealing, also seeking damages of $43,946.72, (3) a common count for the reasonable value of services and materials for "an account stated, at least in the sum of $59,075.54" and unjust enrichment of $43,946.72, and (4) declaratory relief that Whitney and his subcontractors are relieved of any warranty or liability.[18] The Pedens moved to dismiss counts two through four.[19] The court held a hearing on August 27, 2026.

## LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing an entitlement to relief to give the defendant fair notice of the claim and the grounds for it. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court considers exhibits attached to the complaint or incorporated by reference. Fed. R. Civ. P. 10(c); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The court need not accept as true factual allegations that are contrary to the pleading's exhibits. *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) (collecting cases). If the court dismisses a claim, leave to amend should be freely given unless amendment would be futile, the plaintiff has repeatedly failed to cure defects, or there is undue delay, bad faith, or prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## ANALYSIS

### 1. Breach of the Implied Covenant (Claim Two)

The covenant of good faith and fair dealing is implied in every contract and prevents one party from "unfairly frustrating the other party's right to receive the benefits" of the contract. *Guz v.*

---

[18] Countercls. – ECF No. 48 at 10–14 (¶¶ 71–88).

[19] Mot. – ECF No. 56. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1). Consents – ECF Nos. 7, 27, 65–66.

*Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349 (2000). To allege a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege the following elements: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required her to do or she was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff. *Qingdao Tang-Buy Int'l Import & Export Co. v. Preferred Secured Agents, Inc.*, No. 15-cv-00624-LB, 2016 WL 6524396, at *5 (N.D. Cal. Nov. 3, 2016) (citing Judicial Council of California Civil Jury Instructions § 325 (2011)); *Oculus Innovative Scis., Inc. v. Nofil Corp.*, No. C 06-01686 SI, 2007 WL 2600746, at *4 (N.D. Cal. Sep. 10, 2007)).

The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz*, 24 Cal. 4th at 349–50. An implied-covenant claim that relies "on the same alleged acts" and "seek[s] the same damages or other relief already claimed in a companion contract cause of action . . . may be disregarded as superfluous as no additional claim is actually stated." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990); *Pierry, Inc. v. Thirty-One Gifts, LLC*, No. 17-CV-03074-MEJ, 2017 WL 4236934, at *4 (N.D. Cal. Sep. 25, 2017) (a claim for a breach of the implied covenant of good faith and fair dealing must allege "clearly different" breaches); *River Supply, Inc. v. Oracle Am., Inc.*, No. 3:23-cv-02981-LB, 2024 WL 665188, at *11 (N.D. Cal. Feb. 16, 2024) ("To the extent that the claim duplicates the contract claim, there is no standalone claim.").

The counterclaim's implied-covenant claim is claim one (for breach of contract), restated. It incorporates the same allegations pleaded as the breach — the Pedens' "refus[al] to sign valid change orders, seeking to bypass Whitney's agreed 20% markup . . . , not paying Whitney in full for valid charges, going around his back directly to his team . . . , and wrongfully terminating Whitney and the Construction Agreement" — and seeks the identical $43,946.72.[20] It duplicates

[20] Countercls. – ECF No. 48 at 11 (¶ 75) (breach of contract), 12 (¶ 78) (breach of implied covenant), 12 (¶ 75) (breach of contract damages), 13 (¶ 79) (breach of implied covenant damages).

United States District Court
Northern District of California

claim one and thus is superfluous.[21] *Careau & Co.*, 222 Cal App. 3d at 1395; *River Supply*, 2024 WL 665188, at *11.

Whitney's counterarguments do not change this conclusion. He contends that because the Construction Agreement is three sentences, each ending in an ellipsis, it necessarily carries implied terms supplied by the surrounding circumstances (such as Whitney's 2024 offer via a statutory home-improvement contract form), the parties' course of dealings, and trade usage.[22] Context may inform what a sparse contract means, and a party's bad-faith exercise of contractual discretion can breach the contract when no express term is violated. *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 372–74 (1992). But the covenant claims must still identify conduct or injury beyond the pleaded breach and cannot contradict the terms that the parties did write. *Id.* at 374 ("[I]mplied terms should never be read to vary express terms."); *Guz*, 24 Cal. 4th at 349–50; *Hedging Concepts, Inc. v. All. Mortg. Co.*, 41 Cal. App. 4th 1410, 1419–20 (1996).

Whitney alleges that the Pedens acted in bad faith by refusing to sign valid change orders, but that contradicts the Construction Agreement, which requires that all work beyond the scope of the agreement "will be at an additional cost approved by owner & contractor prior to proceeding."[23] That gave the Pedens the right to approve additional work and costs, and declining that work was permitted by the contract's terms. A party generally "cannot be held liable on a bad faith claim for doing what is expressly permitted in the agreement." *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1137 (9th Cir. 1998); *Carma Devs.*, 2 Cal. 4th at 374.

Whitney argues in his opposition that the Pedens, when they signed the agreement, withheld other contractors' reports that the wall design was flawed and that they mishandled the

---

[21] Whitney's cited case law, which defense counsel raised at the hearing, does not change the result. Opp'n – ECF No. 58 at 17 (citing *Trombley Enters., LLC v. Sauer, Inc.*, No. 5:17-CV-04568-EJD, 2019 WL 452044 (N.D. Cal. Feb. 5, 2019) and *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846 (C.D. Cal. 2004)). At the hearing, defense counsel represented that Whitney will plead additional conduct supporting the implied-covenant claim in his amended counterclaim.

[22] *Id.* at 6–7 (citing Cal. Civ. Code § 1647); *see also* Construction Agreement, Ex. 3 to Countercls. – ECF No. 48 at 26–27.

[23] Countercls. – ECF No. 48 at 10 (¶ 72), 12 (¶ 78); Construction Agreement, Ex. 3 to *id.* at 26–27.

encroachment permit.[24] The nondisclosure theory appears nowhere in the counterclaims (and is drawn from the Pedens' complaint). The counterclaim's permit allegations are pleaded only in claim four.[25] The claim is considered only as pleaded, not as supplemented in an opposition.[26]

The implied-covenant claim is dismissed with leave to amend. The defect may be curable: a properly pleaded claim would identify bad-faith conduct during performance that frustrated a contractual benefit distinct from the unpaid sums that claim one already seeks. The Pedens do not oppose leave to amend.[27]

### 2. Common Count (Claim Three)

#### 2.1 Reasonable Value and Unjust Enrichment

Reasonable value, or quasi-contract, is an equitable theory that can supply "implicitly missing contractual terms." *Hedging Concepts, Inc. v. First All. Mortg. Co.*, 41 Cal. App. 4th 1410, 1419 (1996). A party ordinarily may not pursue quasi-contractual recovery if the parties have an enforceable agreement covering the same subject matter. *Id.* at 1419–20. But Rule 8 allows pleading in the alternative and even inconsistent pleading. Fed. R. Civ. P. 8(a)(3) & (d)(3). To proceed on a quasi-contract claim in the alternative, a contracting party "must allege that the express contract is void or was rescinded." *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996). Failure to plausibly plead that the contract is void, rescinded, or otherwise unenforceable is grounds for dismissal of a quasi-contract claim. *Gerlinger v. Amazon.com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004); *TrustLabs, Inc. v. Jaiyong*, No. 21-CV-02606-CRB, 2024 WL 1354486, at *16–17 (N.D. Cal. Mar. 30, 2024).

---

[24] Opp'n – ECF No. 58 at 8–9 (citing Countercls. – ECF No. 48 at 3 (¶¶ 14–16)).

[25] Countercls. – ECF No. 48 at 13–14 (¶¶ 84–86).

[26] Opp'n – ECF No. 58 at 8–9 (citing Countercls. – ECF No. 48 at 3 (¶¶ 14–16)).

[27] Reply – ECF No. 59 at 15.

Here, Whitney pleads an express contract: the Construction Agreement.[28] He does not plead that it is void, rescinded, or otherwise unenforceable. That ordinarily would warrant dismissal of a quasi-contract claim. *See, e.g.*, *TrustLabs*, 2024 WL 1354486, at *16 (a party failed to "plausibly plead a quasi-contract claim because he has not alleged any facts suggesting that the express contracts are void or were rescinded").

But Whitney argues that the claim survives because the Pedens "attack . . . the signed contract as ineffective."[29] In *Mendoza v. Continental Sales Co.*, the court held that the "modern practice allows [a] party to plead in the alternative and make inconsistent allegations." 140 Cal. App. 4th 1395, 1402 (2006). When the party attacking a quasi-contract claim denies the existence of a contract, alternative pleading is proper. Also, the quasi-contract claim operates only if the contract claim fails. *Id.* at 1402–03. Rule 8(d)(3) requires a plausible claim, and this claim is plausible under the Pedens' account of the dispute: if the Construction Agreement is unenforceable under Cal. Bus. & Prof. Code § 7159 (or otherwise), the claim preserves Whitney's claim to the reasonable value of the work that the Pedens received.

**2.2 Account-Stated Theory**

"A claim predicated on an express contract cannot be the basis of an account stated." *Bigge Crane & Rigging Co. v. Agri-Sys.*, No. 25-CV-07460-AMO, 2026 WL 1257750, at *4 (N.D. Cal. May 7, 2026) (cleaned up). An account stated requires "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; [and] (3) a promise by the debtor, express or implied, to pay the amount due." *Id.* (cleaned up). The account "arises only when the parties agree on a final balance that replaces the prior obligation." *Id.*

The counterclaim does not plead an agreed balance or a promise to pay: it alleges that by not signing the change orders, the Pedens disputed the charges ("an account stated" of "at least . . .

[28] Countercls. – ECF No. 48 at 6 (¶ 33), 9–12 (¶¶ 65, 70–75); Construction Agreement, Ex. 3 to *id.* at 26–28.

[29] Opp'n – ECF No. 58 at 21; Am. Compl. – ECF No. at 3 (¶¶ 11–12) (the parties "never entered into a fully executed written contract"); Compl. – ECF No. 1 at 5 (¶¶ 21–22) (same).

United States District Court
Northern District of California

$59,075.54" and "unjust enrichment" of $43,946.72) (figures that are not obviously reconcilable).[30] Whitney does not address the issue (instead defending the claim on the predicate allegations of unjust enrichment), arguably conceding it.[31] *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (failure to raise claims in opposition abandons those claims). The claim predicated on the account-stated theory is dismissed with leave to amend.

**3. Declaratory Relief (Claim Four)**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), confers district courts with "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223, 1225 (9th Cir. 1998). A declaratory-relief claim is properly dismissed where the substantive claims already before the court will resolve the same issues. *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009). Courts have applied this rule to dismiss declaratory-relief claims that duplicate existing contract or tort claims. *See, e.g.*, *id.*; *River Supply*, 2024 WL 665188, at *11.

Claim four asks the court to declare that Whitney and his subcontractors are "relieved of any warranty and/or liability" for work completed under the Construction Agreement and from "any adverse impacts" from incomplete work, on the theory that the Pedens assumed responsibility for the unfinished project and the hillside after terminating him in December 2025.[32] The Pedens' negligence claims present the same issues: whether Whitney's 2025 excavation, removal of lateral and subjacent support, and abandonment of and failure to stabilize an open excavation caused the damage to the site in February 2026.[33] Resolution of the negligence claims will determine Whitney's duties, liabilities, and the effect of his termination, the subjects of the claim for declaratory relief. His allegations that the Pedens assumed the risk of the hillside are defenses to the negligence charges. The claim is redundant. *River Supply*, 2024 WL 665188, at *11

---

[30] Countercls. – ECF No. 48 at 7–8 (¶¶ 43, 49, 51), 11–13 (¶¶ 75, 78–79, 81–82).

[31] Opp'n – ECF No. 58 at 21–24.

[32] Countercls. – ECF No. 48 at 13–14 (¶¶ 85–86); Mot. – ECF No. 56 at 13.

[33] Am. Compl. – ECF No. 51 at 14–17 (¶¶ 51–65).

(dismissing declaratory-relief claim as duplicative where the substantive claims already before the court would resolve the same issues). The claim also fails to the extent that it seeks declaratory relief for Whitney's subcontractors. Whitney pleads no assignment of their rights or his representative capacity to assert their rights and thus lacks standing. *Cabrera v. Countrywide Fin.*, No. C 11-4869 SI, 2012 WL 5372116, at *8 (N.D. Cal. Oct. 30, 2012); *1305 Ridgewood, LLC v. Athas Cap. Grp., Inc.*, No. 21-CV-04647 SBA, 2022 WL 4139514, at *2 (N.D. Cal. Sep. 12, 2022). The claim is dismissed with prejudice because the redundancy of the claim makes amendment futile. *Davis*, 371 U.S. at 182. The dismissal is without prejudice to Whitney's raising the same contentions as defenses to the claims in the Pedens' complaint.

**CONCLUSION**

The court grants the motion to dismiss in part and denies it in part. Claims two (breach of the implied covenant) and three (on the account-stated theory) are dismissed with leave to amend. Claim four for a declaratory judgment is dismissed with prejudice. Claim three (predicated on reasonable value and unjust enrichment) survives. Any amended counterclaim must be filed within fourteen days of this order and must attach as an exhibit a blackline compare of the amended counterclaims against the current counterclaims.

This resolves ECF No. 56.

**IT IS SO ORDERED.**

Dated: August 27, 2026



LAUREL BEELER
United States Magistrate Judge