United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

TIMOTHY R PEDEN, et al.,

Plaintiffs,

v.

MARK WHITNEY, et al.,

Defendants.

Case No. 26-cv-00013-LB

**ORDER GRANTING MOTION TO STRIKE**

Re: ECF No. 70

**INTRODUCTION**

Plaintiffs Timothy and Patricia Peden hired defendant Mark Whitney, doing business as Whitney Homes, to build a retaining wall at their hillside home in Guerneville, California. The Pedens terminated Whitney mid-project in December 2025. This lawsuit, Whitney's counterclaim, and (the Pedens allege) winter damage at the open hillside cut followed.[1] On August 25, 2026, Whitney and defendant Whitney Homes, Inc. filed separate answers to the First Amended Complaint through the same counsel, each pleading the same fifteen affirmative defenses, nearly all in one unvarying sentence: "By way of avoidance, Plaintiffs' claims are barred by" the named

[1] Order – ECF No. 71 at 2–4 (the project history); First Am. Compl. – ECF No. 51; Countercl. – ECF No. 48; Am. Countercl. – ECF No. 74. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

doctrine.[2] The Pedens moved under Federal Rule of Civil Procedure 12(f) to strike all fifteen defenses from both answers: the First (failure to state a claim) and Sixth (lack of damages), they contend, are not affirmative defenses at all, and the remaining thirteen are bare legal labels that give no fair notice of any defense's factual basis.[3] The defendants concede that the court may strike the First and Sixth defenses and do not ask to replead them.[4] As to the remaining thirteen, they contend that the answers as a whole — a factual preamble, the incorporated counterclaim, and detailed paragraph-by-paragraph responses — supply fair notice, and they ask for leave to amend if the court strikes any defense.[5] The Pedens do not oppose leave to amend the thirteen contested defenses, provided that any amended pleading is filed within fourteen days.[6]

The court grants the motion. The First and Sixth defenses are stricken from both answers without leave to amend: their defect is legal, and no added fact can cure it. The remaining thirteen defenses are stricken with leave to amend: each is a conclusory label that does not connect its doctrine to this case, and a general factual narrative elsewhere in the pleadings does not tell the Pedens which facts support which of thirteen doctrinally distinct defenses. The defendants may file amended answers within twenty-one days that plead, for each affirmative defense, a short factual basis. Specific cross-references to numbered paragraphs of the answer or the counterclaim will suffice.

**STATEMENT**

The court summarized the project's history in its order on the Pedens' motion to dismiss the counterclaims and repeats only what matters here.[7] The parties signed a written Construction

---

[2] Answers – ECF No. 68–69. The fifteen defenses are identical in the two answers; the analysis applies equally to both.

[3] Mot. – ECF No. 70 at 6–11. The court can decide the motion without oral argument. Civil L.R. 7-1(b). All parties consented to magistrate-judge jurisdiction. 28 U.S.C. § 636(c); Consents – ECF Nos. 7, 27, 65, 66.

[4] Opp'n – ECF No. 73 at 10–11 (the two defenses "can be stricken – without substantive change of anything"); Reply – ECF No. 75 at 7.

[5] Opp'n – ECF No. 73 at 5–23.

[6] Reply – ECF No. 75 at 11–12.

[7] Order – ECF No. 71 at 2–4.

Agreement on March 1, 2025, for a fixed-cost retaining wall. The work expanded by change orders (including a $30,000 change order adding eighteen drilled piers after the structural engineer found the hillside weaker than expected), and the Pedens stopped the work on December 2, 2025, and terminated Whitney in writing the next day, before the pier drilling began. Each side blames the other for what followed, including alleged winter damage at the open cut.[8] The operative First Amended Complaint, filed July 6, 2026, asserts claims that include RICO and negligence-based property-damage claims.[9] Whitney counterclaims for breach of the Construction Agreement and related relief.[10] The court previously dismissed the counterclaim's declaratory-relief count without leave to amend because it duplicated issues that the negligence claims will resolve, while noting that Whitney's contentions about post-termination site responsibility remain available as defenses.[11]

The path to the answers matters only for context. Whitney answered the original complaint pro se in March 2026, without affirmative defenses.[12] In June 2026, after retaining counsel, he proposed to add fifteen affirmative defenses by stipulation. The Pedens' counsel responded by letter on June 10, 2026, that two of the fifteen (failure to state a claim and lack of damages) were not affirmative defenses and asked for a proposed pleading with the factual allegations supporting each defense.[13] The parties instead agreed that Whitney would answer the forthcoming First Amended Complaint.[14] Whitney tendered the amended complaint's new property-damage claims to his insurers; a carrier accepted the defense; the first appointed defense counsel withdrew for a conflict of interest; and the parties stipulated to continue the court's early-mediation deadline to

---

[8] *Id.* at 3.

[9] First Am. Compl. – ECF No. 51.

[10] Am. Counterclaim – ECF No. 74.

[11] Order – ECF No. 71 at 9–10; *see* First Am. Compl. – ECF No. 51 at 14–17 (¶¶ 51–65); Countercl. – ECF No. 48 at 13–15 (¶¶ 83–88).

[12] Answer – ECF No. 12; Opp'n – ECF No. 73 at 8.

[13] Rice Decl. – ECF No. 73-1 at 2 (¶ 2) & Ex. 1 to *id.* – ECF No. 77-1 at 2–7; Peden Decl., Ex. A – ECF No. 75-1 at 4–5. The exhibits to the Rice declaration were filed after the declaration. *See* Order – ECF No. 76 (addressing missing exhibits); Notice of Errata to Rice Decl. – ECF No. 77 (missing exhibits).

[14] Rice Decl. – ECF No. 73-1 at 2 (¶¶ 3–4, 6).

November 2026 while a replacement was appointed.[15] In late August, with no substitution on file and case deadlines approaching, the Pedens insisted that the answers be filed. Current counsel filed them on August 25, 2026, and the Pedens moved to strike the next day.[16]

Each answer opens with a factual "Summary of Factual Answer," incorporates the counterclaim by reference, responds to the amended complaint paragraph by paragraph (often with factual detail), and then pleads fifteen affirmative defenses.[17] Thirteen are at issue: Waiver (Second), Estoppel (Third), Unclean Hands (Fourth), Comparative Fault (Fifth), Failure to Mitigate Damages (Seventh), Modification (Eighth), Assumption of Risk (Ninth), Failures of Conditions Precedent and Concurrent (Tenth), Offset (Eleventh), Breach of Contract by Plaintiffs (Twelfth), Substantial Compliance (Thirteenth), Excused Performance (Fourteenth), and Differing Site Conditions (Fifteenth). Each is pleaded in materially the same single sentence ("By way of avoidance, Plaintiffs' claims are barred by" the doctrine) with minor variations: the Fifth's heading also invokes "AMA indemnity"; the Eleventh adds "including per the Counterclaim"; and the Fifteenth attributes the bar to "design changes necessitating design upgrades to the retaining wall and owner suspension of work despite upcoming winter."[18] No defense identifies the claim or claims it addresses, and (beyond those clauses) none alleges any supporting fact.[19]

---

[15] *Id.* at 3–4 (¶¶ 7–9), 7–9 (¶¶ 19, 22–23); Stipulation & Order – ECF No. 61.

[16] Rice Decl. – ECF No. 73-1 at 3–6 (¶¶ 9–14); Peden Decl. – ECF No. 75-1 at 2 (¶¶ 4–5); Answers – ECF Nos. 68, 69; Mot. – ECF No. 70. The declarations conflict about the scope of an informal extension: defense counsel attests that the Pedens' counsel agreed to "let it ride" pending substitution of insurance-defense counsel; the Pedens' counsel attests that she agreed only to a limited accommodation and pressed for the answers after weeks passed with no proposed schedule. The court need not resolve the conflict: the motion challenges the defenses' sufficiency, not the answers' timeliness, no default is at issue, and the transition matters only to the terms of amendment (section 3, below). For the same reason, it does not matter that Whitney Homes, Inc. (which the defendants say was never served) appeared voluntarily, consented, and answered. Opp'n – ECF No. 73 at 10.

[17] Opp'n – ECF No. 73 at 5–8 (quoting the preamble and the answers' ¶¶ 8 and 11); Answer (Whitney) – ECF No. 68 at 1–2 (summary of factual answer), 2–20 (¶¶ 1–131), 20–22 (affirmative defenses); Answer (Whitney Homes) – ECF No. 69 at 1–2 (summary of factual answer), 2–26 (¶¶ 1–131), 26–28 (affirmative defenses).

[18] Opp'n – ECF No. 73 at 12–19 (quoting each contested defense); Mot. – ECF No. 70 at 8–10; Answers – ECF No. 68 at 20–22, ECF No. 69 at 26–28.

[19] Mot. – ECF No. 70 at 8–10.

## LEGAL STANDARD

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The rule's function "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (cleaned up). An affirmative defense may be insufficient as a matter of law or as a matter of pleading. It is insufficient as a matter of law when it is not an affirmative defense at all: "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). It is insufficient as a matter of pleading when it does not give the plaintiff "fair notice of the defense," which requires the defendant to state "the nature of the defense," not merely name it. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

The parties dispute how much *Wyshak* requires. In *Hernandez v. Dutch Goose, Inc.*, this court (consistent with the decisions of every judge in this district then to have taken up the issue) held that the *Twombly–Iqbal* plausibility standard supplies the measure of fair notice for affirmative defenses. No. C 13-03537 LB, 2013 WL 5781476, at *5–6 & n.2 (N.D. Cal. Oct. 25, 2013). That remains this district's prevailing rule, including after *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016 (9th Cir. 2015), which said that fair notice "only requires describing the defense in general terms," *id.* at 1019 (cleaned up), but did not address *Twombly* or *Iqbal*. *Goobich v. Excelligence Learning Corp.*, No. 19-cv-06771-EJD, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (collecting post-*Kohler* cases); *Pertz v. Heartland Realty Invs., Inc.*, No. 19-CV-06330-CRB, 2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020); *Meta Platforms, Inc. v. Judang Team LLC*, No. 25-cv-05156-TSH, 2026 WL 821589, at *4 (N.D. Cal. Mar. 25, 2026). The defendants' contrary authorities are from other districts or predate *Twombly*.[20]

[20] *Chock v. Stryker Corp.*, No. 21-cv-00996-KES-CDB, 2025 WL 1797933 (E.D. Cal. June 30, 2025); *Springer v. Fair Isaac Corp.*, No. 14-cv-02238-TLN-AC, 2015 WL 7188234 (E.D. Cal. Nov. 16, 2015); *Kohler v. Islands Rests., LP*, 280 F.R.D. 560 (S.D. Cal. 2012); *Ganley v. County of San Mateo*, No. C 06-3923 TEH, 2007 WL 902551 (N.D. Cal. Mar. 22, 2007) (decided two months before *Twombly*); Opp'n – ECF No. 73 at 6, 10–12.

The court applies the *Twombly–Iqbal* standard here, as it did in *Hernandez*.[21] But the choice of formulation does not decide this motion, because the defenses fail under any of them. Under the fair-notice cases that the defendants themselves invoke, fair notice "does require a defendant to provide some factual basis for its affirmative defenses," and "simply referring to a doctrine or statute is insufficient to afford fair notice." *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016) (cleaned up) (the decision whose standard the defendants' lead case applies); *accord Wyshak*, 607 F.2d at 827; *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."); *Hernandez*, 2013 WL 5781476, at *6 (a defendant may not plead "pure legal conclusions" without "any factual allegations — even minimal ones — to support them"). If the court strikes a defense, leave to amend is freely given in the absence of prejudice to the opposing party. *Wyshak*, 607 F.2d at 826; Fed. R. Civ. P. 15(a)(2).

## ANALYSIS

### 1. The First and Sixth Defenses Are Stricken Without Leave to Amend

The First Affirmative Defense pleads failure to state a claim; the Sixth pleads lack of damages.[22] Both assert only that the Pedens cannot establish their own case: stating a claim and proving damages are the Pedens' burdens, and a defense that negates an element of the plaintiff's case is a denial, not new matter in avoidance. *Zivkovic*, 302 F.3d at 1088; *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (failure to state a claim "is not a proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case"); *Hernandez*, 2013 WL 5781476, at *7 (striking the same defenses with prejudice). The defendants concede the point and do not seek leave to replead these defenses.[23] Because the defect is legal — no factual allegation can convert a challenge to the plaintiffs' proof

[21] The court takes a slightly more flexible approach now to pleadings than it did in 2013.

[22] Answers – ECF No. 68 at 20–21, ECF No. 69 at 26–27; Mot. – ECF No. 70 at 6–7 (quoting both defenses).

[23] Opp'n – ECF No. 73 at 10–11; Reply – ECF No. 75 at 7.

United States District Court
Northern District of California

into an affirmative defense — amendment would be futile. The court strikes the First and Sixth Affirmative Defenses from both answers without leave to amend.

**2. The Remaining Thirteen Defenses Do Not Give Fair Notice**

Each of the thirteen contested defenses names a doctrine and (with the minor variations noted above) alleges no more. None identifies which of the Pedens' claims it addresses. None alleges who did what, when, or in connection with which contract term, transaction, or event. A list of doctrines, without facts, tells an opponent what law to research, not what case to meet. That is the pleading this district's cases strike: "affirmative defenses that are nothing more than one-sentence recitations that fail to specify any factual basis for the defenses." *Judang*, 2026 WL 821589, at *9 (cleaned up); *Goobich*, 2020 WL 1503685, at *2–3 (striking "bare references to legal doctrines without any discussion of how they may apply to this case") (cleaned up); *Barnes*, 718 F. Supp. 2d at 1172 (the fair-notice standard exists in part to weed out boilerplate listings of defenses); *Hernandez*, 2013 WL 5781476, at *6.

The defendants' principal response is that notice comes from the answers read as a whole: the factual preamble, the wholesale incorporation of the eighty-eight-paragraph counterclaim, and the factual detail in individual denials.[24] That inverts the pleading requirement. Rule 8(c) requires a party to "affirmatively state" its affirmative defenses. Fed. R. Civ. P. 8(c)(1). An undifferentiated narrative of the dispute does not state the grounds of any particular defense; it leaves the Pedens (and the court) to guess which allegations the defendants contend support each of thirteen doctrinally distinct defenses. Waiver, estoppel, modification, and substantial compliance, for example, have different elements, and a pool of facts pleaded for all purposes does not reveal which facts are claimed to satisfy which elements of which defense. *Qarbon.com*, 315 F. Supp. 2d at 1049. The Pedens cannot tell, for example, whether "Offset" and "Comparative Fault" refer to the change-order and payment disputes described elsewhere in the answers or to something else.[25]

[24] Opp'n – ECF No. 73 at 5–9, 11–19.

[25] Mot. – ECF No. 70 at 10.

The opposition itself proves the gap: for each contested defense, it supplies a paragraph of new argument connecting the bare label to selected paragraphs of the answer and the counterclaim.[26] If it takes a brief to make the connection, the pleading has not made it, and Rule 8 does not let a defendant plead a placeholder and reserve the explanation for later briefing.

The auxiliary sources that the defendants invoke do not fill the gap. Citations to CACI jury instructions identify a doctrine's elements; they supply no facts about this case.[27] The counterclaim's declaratory-relief count was dismissed and is part of no operative pleading; the court's observation that Whitney's post-termination contentions remain available as defenses meant that the defenses could be pleaded, not that they had been.[28] And counsel's letters, discovery responses, and the parties' shared familiarity with the dispute are not pleadings. The point of Rule 8(c) is to fix in the operative pleading the defenses actually asserted, so that the opposing party can frame discovery and dispositive motions around them. The deficiency here is not academic: interrogatories are capped at twenty-five, Fed. R. Civ. P. 33(a)(1), and the Pedens should not have to spend that allotment extracting the factual basis that Rule 8 already requires.[29] Contention interrogatories supplement a compliant pleading; they do not substitute for one.

Two defenses come closer and warrant a word. The Eleventh (offset) adds "including per the Counterclaim," and the counterclaim does plead the sums that Whitney claims.[30] But the defense incorporates the counterclaim wholesale; it does not identify the transactions or amounts asserted as offsets, or the claims they would offset. Because the defendants must replead in any event, requiring that modest precision costs them a sentence and gives the Pedens real notice. The Fifteenth (differing site conditions) alleges an event (the design change adding piers and the

[26] Opp'n – ECF No. 73 at 12–19; *see* Reply – ECF No. 75 at 7–8.

[27] Opp'n – ECF No. 73 at 12–14, 16–19 (citing, among others, CACI Nos. 3800, 358, 313, 451, 303, 312, and 4500 et seq.).

[28] Opp'n – ECF No. 73 at 14 & n.3 (relying on the dismissed count); Order – ECF No. 71 at 9–10; *see* Reply – ECF No. 75 at 8.

[29] Reply – ECF No. 75 at 10.

[30] Answers – ECF No. 68 at 21, ECF No. 69 at 27; Opp'n – ECF No. 73 at 16; Countercl. – ECF No. 48 at 11–12; Am. Countercl. – ECF No. 74 at 11–12.

United States District Court
Northern District of California

owners' suspension of work before winter) but not the fact on which the *Spearin* doctrine turns: who furnished the plans and specifications the contractor followed. *United States v. Spearin*, 248 U.S. 132, 136 (1918) (a contractor "bound to build according to plans and specifications prepared by the owner" is not "responsible for the consequences of defects in the plans and specifications"). The Pedens go further and argue that the defense fails as a matter of law because Whitney was paid to prepare the retaining-wall design.[31] Who furnished the operative design is disputed and outside the pleadings (the defendants attribute the pier redesign to the project structural engineer) and a motion to strike tests the pleading, not the merits. The court strikes the Fifteenth Defense as insufficiently pleaded and expresses no view on its viability.

### 3. Leave to Amend

Leave to amend is freely given, and "[p]rejudice is the touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (cleaned up); *Wyshak*, 607 F.2d at 826. There is no prejudice here: the case is young, discovery is in its early stages, the early-mediation deadline has been continued to November 2026, and the Pedens' counsel herself wrote in July that "amendments at this stage cause no prejudice to either side."[32] Nor is amendment futile: the opposition's defense-by-defense narrative shows that supporting facts exist and can readily be pleaded.[33] The Pedens do not oppose leave: they ask only that any amendment come within fourteen days so that the pleadings settle before mediation. The defendants ask for thirty days measured from the substitution of newly appointed insurance-defense counsel.[34] The court sets a deadline of twenty-one days from this order. A deadline keyed to a substitution that has not yet

[31] Reply – ECF No. 75 at 9–10; Opp'n – ECF No. 73 at 18–19 (attributing the pier redesign to the project structural engineer).

[32] Stipulation & Order – ECF No. 61; Rice Decl., Ex. 2 – ECF No. 73-1 at 2 (July 1, 2026, email, quoted at Opp'n – ECF No. 73 at 20).

[33] Opp'n – ECF No. 73 at 12–19; Reply – ECF No. 75 at 10 (the defendants' briefing "confirms that the facts exist and can readily be pleaded").

[34] Reply – ECF No. 75 at 11–12; Opp'n – ECF No. 73 at 11, 23.

happened is no deadline at all, and the pleadings should settle before the November mediation. Replacement counsel was identified on August 24, 2026.[35]

Any amended answers must, for each affirmative defense, (1) identify the claim or claims that the defense addresses, where practicable, and (2) allege the facts (the conduct, transaction, contract term, or event) on which the defense rests. Extensive detail is not required; the standard demands minimal factual allegations, not evidence. *Hernandez*, 2013 WL 5781476, at *6. Cross-references to specific numbered paragraphs of the answer or the counterclaim will suffice. If the defendants maintain the Fifth Defense's indemnity theory, they must plead it intelligibly rather than by the shorthand "AMA indemnity."[36] This order grants leave to replead the thirteen stricken defenses. Any new or different affirmative defenses require a stipulation or a Rule 15 motion, which the court would assess (and likely grant) under the liberal standard that governs. *See Simmons v. Navajo County,* 609 F.3d 1011, 1023 (9th Cir. 2010) (absent prejudice, a district court has discretion to allow an affirmative defense raised after the initial pleading), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

**CONCLUSION**

The court grants the motion. The First and Sixth Affirmative Defenses are stricken from both answers (ECF Nos. 68 and 69) without leave to amend. The Second through Fifth and the Seventh through Fifteenth Affirmative Defenses are stricken from both answers with leave to amend. The defendants may file amended answers within twenty-one days from the date of this order.

This resolves ECF No. 70.

**IT IS SO ORDERED.**

Dated: September 16, 2026

LAUREL BEELER
United States Magistrate Judge

---

[35] Rice Decl. – ECF No. 73-1 at 9 (¶ 23).

[36] Opp'n – ECF No. 73 at 12 (explaining that the shorthand refers to *Am. Motorcycle Ass'n v. Superior Court*, 20 Cal. 3d 578 (1978)).